UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SUNBELT RENTALS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:20-cv-758 (TSE/TCB) |
| PERDOMO NATIONAL WRECKING CO., LLC, | ) ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff Sunbelt Rentals, Inc.'s ("Plaintiff" or "Sunbelt") Motion for Default Judgment against Defendant Perdomo National Wrecking Co., LLC ("Defendant" or "Perdomo") (Dkt. 8).[1] For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court grant Plaintiff's motion.

I. B<span>ACKGROUND</span>

**A.  Procedural Posture**

Plaintiff filed this lawsuit against Defendant on July 7, 2020 for breach of contract (Count I), unjust enrichment (Count II), and attorney's fees (Count III). (Dkt. 1.) After Defendant failed to enter an appearance or respond in any fashion, Plaintiff requested the clerk's entry of default on August 28, 2020. (Dkt. 5.) That same day, the Court entered an order directing Plaintiff to file a motion for default judgment and notice a hearing. (Dkt. 6.) The clerk

---

[1] The relevant filings before the undersigned include Plaintiff's Complaint (Dkt. 1) ("Compl."); Plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt. 8); Plaintiff's Memorandum in Support of Motion for Default Judgment ("Mem. Supp.") (Dkt. 9); and all attachments and exhibits submitted with those filings.

1

then entered Defendants' default on August 31, 2020. (Dkt. 7.) Plaintiff complied with this Court's order and filed a motion for default judgment on September 9, 2020. (Dkts. 8-9.) Plaintiff noticed the motion for a hearing on Friday, September 25, 2020. (Dkt. 10.) Then, the undersigned issued an order on September 10, 2020 stating:

> "[T]o proceed as cautiously and safely as possible, <u>the Court will not hold a hearing on this matter</u>. Instead, the Court will allow any interested party to file an objection within twenty (20) days of the date of this Order. Accordingly, <u>any objections to Plaintiff's motion for default judgment are to be filed with the Clerk's office by September 30, 2020 at 5:00 p.m.</u> The undersigned will then issue a Report and Recommendation concerning the default judgment without a hearing.

(Dkt. 11.)

No interested party filed a timely objection with the Clerk's office. Accordingly, the undersigned issues this Report and Recommendation to address Plaintiff's motion for default judgment.

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have subject-matter and personal jurisdiction over the defaulting parties, and venue must be proper.

*First*, the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). A federal district court has subject-matter jurisdiction when a dispute involves "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a North Carolina corporation with its principal place of business in South Carolina. (Compl. ¶ 1.) Defendant is a limited liability company with its registered agent and chief executive officer, Orlando Perdomo, Jr., located in Springfield, Virginia. (Compl. ¶ 2.) Plaintiff further alleges that none of Defendant's members are residents of North Carolina or South Carolina. (Compl. ¶ 2.)

For purposes of diversity jurisdiction, Plaintiff is a citizen of North Carolina and South Carolina and Defendant is a citizen of Virginia, and not a citizen of North Carolina or South Carolina. Accordingly, there is complete diversity between the parties. Furthermore, the amount in controversy exceeds $75,000 because Plaintiff sought $109,176.55 in money damages, exclusive of interest, fees, and costs in its Complaint. (Compl. ¶ 14.)

*Second*, the Court has personal jurisdiction over Defendant. The standards of federal due process and the forum state's long-arm statute must be satisfied for a federal court to have personal jurisdiction over a party. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Virginia's long-arm statute, Virginia Code section 8.01-328.1, provides for personal jurisdiction to the extent that federal due process permits. *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). With federal due process and Virginia's long-arm statute requiring the same standard, essentially only one inquiry is required. *See id.*

Furthermore, a court may either have specific jurisdiction, which arises when the defendant's contacts with the forum state give rise to the basis of the lawsuit, or general jurisdiction, which arises when the defendant is domiciled in the forum state or if the defendant has affiliations with the state that are so "continuous and systematic" as to render the party "essentially at home." *Fireclean LLC v. Tuohy*, No. 1:16-cv-294-JJC-MSN, 2016 WL 4414845, at *2 (E.D. Va. June 14, 2016) (citation omitted); *see also Tire Eng'g*, 682 F.3d at 301 (citation omitted). As established above, Defendant is a limited liability company and its registered agent

3

and chief executive officer resides in Springfield, Virginia. (*See* Compl. ¶¶ 1-2.) Because Defendant is "at home" in this judicial district, the undersigned is satisfied that this Court has general personal jurisdiction over Defendant.

*Lastly*, Plaintiff filed this lawsuit in the proper venue. Under 28 U.S.C. § 1391(b), venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Here, venue is proper because Defendant resides in this judicial district. (Compl. ¶ 4.)

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that the defaulting parties have been properly served.

Under Federal Rule of Civil Procedure 4(h)(1)(A), a plaintiff can serve an unincorporated association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Turning to Rule 4(e)(1), the provision allows service by "following state law . . . where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Virginia code section 8.01-299, a plaintiff may serve a domestic limited liability company "[b]y personal service on any officer, director, or registered agent." Va. Code Ann. § 8.01-299(1) (2020).

Here, Plaintiff personally served Anwar Minni, Defendant's chief financial officer, on July 31, 2020. (*See* Dkt. 4.) Plaintiff's private process server filed an affidavit of service certifying that he "served the summons on Anwar Minni, who is designated by law to accept service of process on behalf of Perdomo National Wrecking Company, LLC." (*Id.*) Upon review of the affidavit and applicable law, the undersigned is satisfied that Plaintiff effected proper

service on Defendant.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and record in this case, the undersigned finds that Plaintiff has established the following facts.

In 2017, Chief Financial Officer Anwar Minni completed a Sunbelt online credit application on behalf of Perdomo (the "Application").[2] (Compl. ¶ 7.) Upon Sunbelt's approval of the Application, Sunbelt created an open account for Perdomo, allowing Perdomo to rent equipment from Sunbelt on credit. (Compl. ¶ 8.) When opening the account, Perdomo agreed to Sunbelt's terms contract ("Open Account Terms & Agreement") and Rental Contract ("Rental Contract"), which provided that Perdomo "agrees that a service charge equal to the lesser of 1.5% per month of the maximum rate permitted by law shall be assessed on all delinquent accounts until paid in full."[3] (Compl. ¶¶ 9, 12, 17-19.) Additionally, the Open Account Terms and Agreement provided that Sunbelt could recover reasonable attorney's fees and costs it incurs in collecting from Perdomo. (Compl ¶ 16.) The Open Account Terms and Agreement incorporates all the terms of the Rental Contract. (Compl ¶ 17.)

Perdomo began renting Sunbelt's equipment in July 2019 but failed to pay the rental charges pursuant to the Application and Open Account Terms & Agreement.[4] (Compl. ¶¶ 10-11.) Moreover, Plaintiff alleges that as of April 2020, Perdomo's total unpaid principal totaled

---

[2] Plaintiff attached a true and correct copy of the Application as Exhibit 1 to its Complaint. (*See* Dkt. 1-1.)
[3] Plaintiff attached a true and correct copy of the Open Account Terms & Agreement as Exhibit 2 of its Complaint and the Rental Contract as Exhibit 5. (*See* Dkt. 1-2, 1-5.)
[4] Plaintiff attached true and correct copies of invoices reflecting the equipment Defendant rented and the associated fees as Exhibit 3 to its Complaint. (*See* Dkt. 1-3.)

$104,012.14, which amounts to a total of $109,176.55 with service charges.[5] (Compl. ¶ 14.) Further, by the time Plaintiff filed its motion for default judgment, Perdomo's outstanding balanced increased to $12,964.86.[6] (Mem. Supp. at 19.) Perdomo's balance continues to accrue service charges. (Mem. Supp. at 20.)

### III. EVALUATION OF THE PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). As a result, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Glbalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

Here, Plaintiff brought a breach of contract claim (Count I), "and/or in the alternative" an unjust enrichment claim (Count II), and a claim for attorneys' fees (Count III). Because Plaintiff pled unjust enrichment as an alternative to its cognizable breach of contract claim and did not address unjust enrichment in its motion for default judgment, the undersigned will only address Counts I and III.

---

[5] Plaintiff attached a true and correct copy of Perdomo's outstanding balance as of April 2020 as Exhibit 4 to its Complaint. (*See* Dkt. 1-4.)
[6] Plaintiff attached a true and correct copy of Perdomo's outstanding balance as of August 31, 2020 to its supporting memorandum as part of Exhibit 2, Catharine Hargis Affidavit. (*See* Dkt. 9-2.)

6

Under Virginia law, a plaintiff must show three elements to successfully bring a claim for breach of contract: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation;" and (3) "injury or damage to the plaintiff caused by the breach of obligation." *Squire v. Va. Hous. Dev. Auth.*, 758 S.E.2d 55, 60 (Va. 2014) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

***First***, Plaintiff must establish that Perdomo had a legally enforceable obligation to Sunbelt. Here, the Complaint alleges that Defendant entered into multiple contracts with Sunbelt: the (1) the Open Account Terms and Agreement, (2) the Rental Contract, and (3) each invoice. (Compl. ¶ 21.)

As part of these agreements, Perdomo unconditionally guaranteed full and timely payment and performance of the Open Account Terms and Agreement and the Rental Agreement. Specifically, the Open Account Terms & Agreement states that "Sunbelt shall deliver equipment in consideration for Customer's agreement to be bound by the Rental Contract." (Dkt. 1-2.) As evidenced by the 88 pages of invoices, Sunbelt delivered numerous pieces of equipment to Perdomo, which indicates Perdomo's acceptance of this contract. (*See* Dkts. 1-3, 1-4.) Further, the Rental Agreement states that the "[c]ustomer's execution of this Contract or taking possession of the Equipment shall be deemed acceptance of the terms herein." (Dkt. 1-4 at ¶ 2.) Perdomo rented numerous pieces of equipment from Sunbelt, and therefore clearly accepted the Rental Agreement.

Upon review of these documents, the undersigned determines that Defendant has legally enforceable obligations to Sunbelt.

***Second***, Plaintiff must demonstrate that Defendant breached its legal obligations. The Rental Contract clearly outlined Perdomo's obligations. Among them:

7

> Customer shall pay amounts due, without any offsets, in full at the time of rental, unless Sunbelt approves Customer's executed credit application (credit customers must pay, upon receipt of Sunbelt's invoice). Customer must notify Sunbelt in writing of any disputed amounts, including credit and charges, within 15 days after the receipt of the invoice/contract or Customer shall be deemed to have irrevocably waived its right to dispute such amounts."

(Dkt. 1-4 at ¶ 12.)

Sunbelt accepted Perdomo's Credit Application. (*See* Dkt. 1-1.) Perdomo therefore agreed to pay Sunbelt upon receipt of each invoice. Perdomo never exercised its contractual right to dispute the amounts in the invoices, but instead simply neglected pay them. As a result, the undersigned finds that Defendant breached its payment obligations under each contract.

***Finally***, Sunbelt easily demonstrates that it has been financially damaged because of Defendant's breach. In its Complaint, Sunbelt alleged that it had been damaged in the amount of $109,175.55 (including service fees) as of April 2020. (Compl. ¶ 14.) In its supporting memorandum, Sunbelt provided the updated amount of $104,012.54 in outstanding principal and $12,964.86 in accrued service charges, which continue to accrue. (Mem. Supp. at 6.) This brings Sunbelt's total damages to $116,977.40 (not including pre-judgment interest, post-judgment interest, or attorneys' fees).

Relatedly, Plaintiff's claim for attorneys' fees (Count III) is premised on its breach of contract claim. (Compl. ¶¶ 19-31.) Sunbelt's Open Account Terms & Agreement expressly provided for attorney's fees in the event of Perdomo's default:

> At Sunbelt's discretion, any account with a delinquent balance may be placed on a cash basis, deposits may be required and the rental equipment picked up without notice. If collection of amounts requires the assistance of a collection agency or attorneys, suit is brought hereon, or it is enforced through any judicial proceeding whatsoever, I/We agree (a) that Sunbelt reserves the right to bring the legal action in whatever jurisdiction Sunbelt deems necessary, whose laws, at the option of Sunbelt, shall govern this Agreement, and (b) to pay all costs and expenses of collection, including by not limited to, reasonable attorney's fees, not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable expenses incurred by Sunbelt.

(Dkt. 1-2.)

In sum, Plaintiff has adequately plead breach of contract claims against Defendant upon which relief can be granted under Virginia law.

## IV. REQUESTED RELIEF

At this juncture, Plaintiff requests that the Court enter default judgment against Defendant for (1) the principal outstanding amount of $104,012.54; (2) $12,964.86 in accrued services charges of 1.5% from July 31, 2019 until August 31, 2020, and additional service charges that continue to accrue; (3) $1,829.70 in pre-judgment interest at a rate of 6% from May 16, 2020 until August 31, 2020 and all interest that subsequently accrues through the date of judgment; (4) post-judgment interest under 28 U.S.C. § 1961(a); and (5) a declaration that Perdomo is liable for Sunbelt's reasonable attorney's fees and costs. The undersigned will address each form of relief in turn.

### A. Compensatory Damages

First, Plaintiff seeks the amounts due and owing under the Open Account Terms & Agreement, Rental Agreement, and invoices, as well as accrued services charges. In contract actions, plaintiffs are entitled to be put in as good of a position as they would have been had the contract been performed. *See, e.g., Nichols Const. Corp. v. Va. Mach. Tool Co.*, 661 S.E.2d 467, 471 (Va. 2008). A plaintiff is therefore entitled to its actual loss sustained. *Dominion Res., Inc. v. Alstom Power, Inc.*, 825 S.E.2d 752, 756 (Va. 2019). As a result, a plaintiff is not "allowed to be put in a better position than he would have been had the wrong not been done and the contract not been broken." *Orebaugh v. Antonious*, 58 S.E.2d 873, 875 (Va. 1950).

Further, the rationale behind awarding prejudgment interest "is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*,

515 U.S. 189, 196 (1995). When awarding prejudgment interest, district courts have discretion with regard to the interest rate and the date at which interest begins to accrue. *World Fuel Servs. Trading, DMCC v. M/V HEBEI SHIJIAZHUANG*, 12 F. Supp. 3d 810, 813 (E.D. Va. 2014) (citations omitted).

Here, as established above, Perdomo rented numerous pieces of equipment from Sunbelt on credit. Despite Sunbelt's demands for repayment and 88 pages of invoices, Defendant has failed to repay the amounts due and owing. In the Complaint, as of July 7, 2020, Plaintiff sought damages in the amount of $109,175.55, which included accrued service charges. (Compl. ¶ 14.) As of August 31, 2020 (in its motion for default judgment), Plaintiff requested $116,977.40 in damages (including services charges), with pre-judgment interest of $1,829.70 from May 16, 2020 to August 31, 2020 to accrue daily at a rate of 6%. (Mem. Supp. at 4, 5, 6.) Accordingly, for Plaintiff to be put in the position it would have been in had Defendant performed under the Contract, the undersigned recommends that the Court enter judgment in favor of Plaintiff in the amount of $118,807.10 with interest to accrue daily at a rate of 6%, starting from August 31, 2020 until the day the Court enters judgment.[7]

**B.     Attorney's Fees and Costs**

Finally, Plaintiff seeks a declaration that Perdomo is liable for Sunbelt's reasonable attorney's fees costs, the amount which the Court will determine in response to Sunbelt's post-judgment motion. (Mot. Supp. at 6.) Parties may contract away the "American rule" for attorneys' fees and instead "adopt[] provisions shifting fees to the losing party in disputes involving the contract." *Dewberry & Davis, Inc. v. C3NS, Inc.* 723 S.E.2d 239, 243 (Va. 2012). Here, as discussed above, Sunbelt's Open Account Terms & Agreement contained fee-shifting

---

[7] Following the entry of judgment, the undersigned recommends that post-judgment interest accrue at the rate for federal judgments. *See* 28 U.S.C. § 1961(a).

provisions providing that Plaintiff is entitled to the payment of reasonable fees and costs, including attorney's fees, incurred in enforcing its rights under the contract. (Dkt. 1-2 at 2.) The contract stated that Perdomo agrees "to pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees, not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable expenses incurred by Sunbelt." (*Id.*)

Upon review of the briefings and contracts at issue, the undersigned finds that the parties contracted for Defendant to bear the costs of litigation. Accordingly, the undersigned recommends that the Court issue a declaration stating that Perdomo is liable for Sunbelt's reasonable attorney's fees and costs.

## V. R<span>ECOMMENDATION</span>

For the reasons articulated above, the undersigned recommends that the Court enter an order granting Plaintiff's Motion for Default Judgment (Dkt. 8), thereby entering default judgment in favor of Plaintiff and against Perdomo National Wrecking Company, LLC. Further, the undersigned recommends that the Court award Plaintiff (1) $118,807.10 with interest to accrue daily at a rate of 6%, starting from August 31, 2020 until the day the Court enters judgment; and (2) declare that Perdomo is liable for Sunbelt's reasonable attorney's fees and costs.[8]

---

[8] As noted above, the undersigned recommends that post-judgment interest accrue at the rate for federal judgments on the total judgment amount entered by the Court (including money damages, accrued interest, and fees and costs).

VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                               /s/
                             THERESA CARROLL BUCHANAN
                             UNITED STATES MAGISTRATE JUDGE

October 2, 2020
Alexandria, Virginia